UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FERNANDO DAVID JUAREZ-RAMOS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-94-CCB-SJF |
| BRIAN ENGLISH and KRISTI NOEM, | |
| Respondents. | |

**OPINION AND ORDER**

Immigration detainee Fernando David Juarez-Ramos, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the government is ordered to release him forthwith.

Mr. Juarez-Ramos is a citizen of Mexico. He has been living in the United States since at least 2022 after entering without inspection. (ECF 8 at 3.) He alleges he was arrested without a warrant in Cicero, Illinois, by agents of Immigration and Customs Enforcement (ICE) during "Operation Midway Blitz" in October 2025. (ECF 1 at 3.) He was subsequently transferred to Miami Correctional Facility, where he remains at present pending the outcome of removal proceedings. (*Id.*)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in

concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 8), and Mr. Juarez-Ramos has filed a reply (ECF 11). He also moves for a temporary restraining order granting him "interim" habeas relief—in the form of immediate release—while the court decides his petition. (ECF 12.)

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Juarez-Ramos is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 8.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government.[1] Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention

---

[1] Although not entirely clear, Mr. Juarez-Ramos appears to ask the court to weigh in on whether the pending removal proceedings are invalid due to alleged procedural irregularities. (ECF 1, 11.) If that is what he is asking, the court agrees with the government that it has no jurisdiction to decide issues related to the removal proceedings, although that may be an issue for the Seventh Circuit at a later stage. *See* 8 U.S.C. § 1252(a)(5); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The sole issue the court is deciding in this case is whether his current detention is lawful. *See* 28 U.S.C. § 2241; *Demore*, 538 U.S. at 517.

provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens, like Mr. Juarez-Ramos, who are arrested within the interior of the United States years after entering. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude 8 U.S.C. § 1226(a).

The Respondents do not argue or provide documentation to show that Mr. Juarez-Ramos was arrested pursuant to an administrative warrant so as to trigger application of § 1226(a).[2] Instead, they rest on the previously rejected argument that his detention is authorized by § 1225(b)(2). Warrantless arrests are permitted under the statute only when certain conditions are met, such as where an ICE official personally witnesses the noncitizen attempting to enter the United States, or where an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a). Respondents have not attempted to show

---

[2] Respondents submit no immigration records pertaining to Mr. Juarez-Ramos, and instead submit documentation related to the petitioner in *De Jesús Aguilar*, presumably to preserve their arguments raised in that case. (*See* ECF 8-1.)

3

that any of those conditions were present in this case. The court therefore concludes that Mr. Juarez-Ramos is entitled to release as the removal process unfolds or until the government pursues other options available to it.[3] Because the court is ordering his release, his motion for a temporary restraining order requesting "interim" release while the court decides the petition (ECF 12) will be denied as moot.

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus and ORDERS respondents to release Fernando David Juarez-Ramos immediately from custody and to certify compliance with this order by filing a notice with the court by **February 11, 2026**;

(2) **DIRECTS** the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Fernando David Juarez-Ramos's release;

(3) **DENIES** as moot the petitioner's Emergency Motion for Temporary Restraining Order and Interim Habeas Relief (ECF 12);

(4) **ORDERS** that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on February 9, 2026.

    /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because the court concludes that his detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument regarding the Fifth Amendment Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

4